The National Park Bank, of New York, Respondent, *v.* The Ninth National Bank, of New York, Appellant.

The same, Respondent, *v.* The Fourth National Bank, of New York, Appellant.

The drawee of a bill of exchange, is presumed to know the handwriting of his correspondent; and if he accepts or pays a bill in the hands of a *bona fide* holder, to which the drawer's name has been forged, he is bound by the act, and can neither repudiate the acceptance nor recover the money. A rule so well established, and so firmly rooted and grounded in the jurisprudence of the country, will not be overruled or disregarded.

(Argued April 21st, 1871; decided September 2d, 1871.)

THE first case is an appeal from judgment of the late General Term, of the first judicial district, reversing order of Special Term sustaining demurrer to complaint, and also judgment entered upon said order.

The last is an appeal from judgment of General Term; New York Common Pleas, affirming judgment of Special Term of that court overruling demurrer to complaint.

The complaint in the first case states in substance, that on the 25th March, 1867, the Ridgely National Bank, of Springfield, Illinois, drew its draft, or bill of exchange on plaintiff, for the sum of fourteen dollars and twenty cents, payable to the order of Ely Shirly, and delivered the same to the payee. That afterward the amount of said draft was fraudulently changed to $6,300.00, and the name of the payee to E. G. Fanchon, Esq. That the name of Wm. Ridgely, cashier, signed to said draft was erased, and afterward re-written by the person making the erasure. That the same was then discounted by the Lexington National Bank, and by it was endorsed to defendant. That afterward, and on or about April 12th, 1867, defendant presented said draft to plaintiff, and said plaintiff paid thereon the sum of $6,300. That plaintiff discovered the forgery May 10th, 1867, and forthwith notified defendant thereof, and demanded re-payment of said sum, less fourteen dollars and twenty cents, which was refused. Defendant demurs, " that the complaint does not state facts sufficient to constitute a cause of action."

In the last case the facts are similar, save as to amount and names.

*J. H. V. Arnold*, for appellant, The Ninth National Bank; that drawee is bound to know signature of drawer. (*Jengs* v. *Fowler*, 2 Strange, 931 ; *Price* v. *Neal*, 3 Burrows, 1354; *Archer* v. *Bank of England*, 2 Douglass, 639 ; *Smith* v. *Mercer*, 6 Taunton, 76; *Cocks* v. *Masterton*, 9 Barn. & Cress., 902; *Cooper* v. *Myer*, 10 B. & C., 468; *Saunderson* v. *Coleman*, 4 Wing. & Gran., 209 ; *Smith* v. *Chester*, 1 Tenn., 655 ; *Barber* v. *Gengill*, 3 Esp., 60; *Boss*

v. *Clure*, 4 Md., 315 ; *Bank of Com.* v. *Union Bank*, 3 Com., 230 ; *Goddard* v. *Merchants' Bank*, 4 Com., 149 ; *Canal Bank* v. *Bank of Albany*, 1 Hill, 287 ; *Bank of Commonwealth* v. *Grocers' Bank*, 35 How., 412 ; *Bernhemer* v. *Marshall*, 2 Minn., 78 ; *Bank St. Albans* v. *F. and M. Bank*, 10 Vermont, 141 ; *Young* v. *Adams*, 6 Mass., 182 ; *Gloucester Bank* v. *Salem Bank*, 17 Mass., 41 ; *Levy* v. *Bank of U. S.*, 4 Dall., 234 ; *U. S. Bank* v. *Bank of Georgia*, 10 Wheat., 333.)

*S. K. Miller*, for appellant, The Fourth National Bank, cited the same.

*F. C. Barlow*, for the respondent. Where parties are equally innocent or negligent, the one paying can recover. (*Markle* v. *Hatfield*, 2 John., 462 ; *Canal Bank* v. *Bank of Albany*, 1 Hill., 290 ; *Jones* v. *Ryde*, 5 Taunton, 495 ; *Merchants' Bank* v. *McIntyre*, 2 Sand., 431 ; *Ellis* v. *Ohio Life Insurance Co.*, 4 Ohio, N. S., 661.) That payment under mistake can be recovered where holder is not harmed. (*Kelly* v. *Golan*, 9 M. & W., 54 ; *Townsend* v. *Crowdy*, 8 C. B., N. S., 477 ; *Utica Bank* v. *Van Geisen*, 18 John., 485 ; *Kingston* v. *Eltynge*, 4 N. Y., 391.) That this rule applies to a drawee. (Chitty on bills, 12th ed., 431 ; *McElroy* v. *Southern Bank*, 14 La., 458.)

ALLEN, J. The checks paid by the plaintiffs, the drawees, were forgeries throughout, as well the signatures, as the bodies.

The name of the signer, the cashier of the Ridgley Bank, was not the genuine signature of that officer, and was not written by his authority. The fact that a genuine check had been drawn, and signed by the proper party, upon the same piece of paper, does not affect the character of the instrument in its altered, and forged condition. The forger, by skillfully obliterating the genuine signature, together with the words and figures indicating the amount payable thereon, effectually destroyed the instrument, and it was incapable of being restored to its original condition, in the form of a check, and made available for any purpose.

It was but a blank form of a draft or bill, and the act of signing the name of the cashier as drawer, with intent to utter and pass the same as genuine, was a crime, and the signature a forgery, whether the check was for the same, or a different amount from that for which the original and genuine bill had been drawn.

Whether the forger used the same paper on which the original instrument had been written and signed, and manipulated it to suit his purposes, or made and forged a check on another, and different piece of paper is not material, so long as the signature of the drawer was counterfeit.

The drafts paid by the plaintiff were not merely raised checks, that is, forged and altered by the obliteration and removal of one sum, and the insertion of another, but were forged instruments in every sense.

The drafts signed by the cashier are not in existence in any form as drafts. The genuine signature was wanting, to make the instruments the checks of the nominal drawer, for any amount. The money was then paid by the plaintiff upon bills drawn upon it, to which the name of its correspondent had been forged.

For more than a century it has been held and decided, without question, that it is incumbent upon the drawee of a bill, to be satisfied that the signature of the drawer is genuine, that he is presumed to know the handwriting of his correspondent; and if he accepts or pays a bill to which the drawer's name has been forged, he is bound by the act, and can neither repudiate the acceptance nor recover the money paid.

The doctrine was broached by Lord Raymond in *Jenys* v. *Fawler* (2 Strange., 946), the chief justice strongly inclining to the opinion, that even actual proof of forgery of the name of the drawer, would not excuse the defendants against their acceptance. In 1762 the principle was flatly, and distinctly decided by the Court of King's Bench, in the leading case of *Price* v. *Neal* (3 Burrows, 1354), which was an action to recover money, paid by the drawee to the holder of

a forged bill. Lord Mansfield stopped the counsel for the defendant, saying that it was one of those cases that never could be made plainer by argument; that it was incumbent on the plaintiff, to be satisfied that the bill drawn upon him was the drawer's hand, before he accepted and paid it, but it was not incumbent for the defendant to inquire into it. This case has been followed and the doctrine applied, almost without question or criticism, in an unbroken series of cases, from that time to this, and it has been distinctly approved in very many cases, which have not been within the precise range of the principle decided. (See *Archer* v. *Bank of England*, 2 Doug., 639; *Smith* v. *Mercer*, 6 Taunt., 76; *Wilkinson* v. *Johnson*, 3 B. & C., 428; *Cook* v. *Masterman*, 7 B. & C., 902; *Cooper* v. *Meyer*, 10 B. & C., 468; *Saunderson* v. *Colman*, 4 M. & G., 209; *Smith* v. *Chester*, 1 D. & E. R., 655; *Bass* v. *Clive*, 4 M. & S., 15; *Bank of Commerce* v. *Union Bank*, 3 Comstock, 230; *Goddard* v. *Merchants' Bank*, 4 Comstock, 149; *Canal Bank* v. *Bank of Albany*, 1 Hill, 287.)

Cases have been distinguished from *Price* v. *Neal*, and its applicability to a transfer of a forged instrument, between persons not parties to it, has not been extended to forgeries of indorsements or handwriting of parties to negotiable instruments, other than the drawer. But, as applied to the case of a bill to which the signature of the drawer is forged, accepted or paid by the drawee, its authority has been uniformly and fully sustained, and the rule extends as well to the case of a bill paid upon presentment, as to one accepted and afterward paid. (*Bank of St. Albans* v. *Farmers' and Mechanics' Bank*, 10 Vermont, 141; *Levy* v. *Bank of the U. S.*, 4 Dallas, 234; *Bank of U. S.* v. *Bank of Georgia*, 10 Wheat., 333; *Young* v. *Adams*, 6 Mass., 182; *Gloucester Bank* v. *Bank of Salem*, 17 Mass., 41.)

A rule so well established, and so firmly rooted and grounded in the jurisprudence of the country, ought not to be overruled or disregarded.

It has become a rule of right and of action among commercial and business men, and any interference with it would

be mischievous. Judge RUGGLES in *Goddard* v. *Merchants' Bank, supra,* well says, " it should not be departed from, or frittered away by exceptions resting on slight grounds, and cannot be overruled, without overthrowing valuable, and well settled principles of commercial law." In the first above entitled action, the judgment of the General Term should be reversed, and that of Special Term affirmed, and judgment absolute for the defendant with costs; and in the other, the judgment of the General and Special Term should be reversed, and judgment for the defendant with costs.

All concur.

PECKHAM, J. not voting.

Judgment accordingly.