DAVID C. JOHN, APPELLEE, V. WILLIAM J. CONNELL ET
AL., APPELLANTS. *

FILED FEBRUARY 6, 1901.   No. 9,373.

1. **Ordinance of City: GRADING STREET: ASCERTAINMENT OF DAMAGES:
   MANDATORY ENACTMENT.** The provision of section 117 of the
   Omaha charter (Session Laws, 1887, ch. 10) with respect to the
   ascertainment of damages before ordering the grading of a
   street is mandatory and indispensable; and compliance with the
   requirement is essential to vest the mayor and council with
   jurisdiction to levy a grading tax.

2. **Void Tax: LIEN: TRANSFER FROM PUBLIC TO PURCHASER.** Whether
   a tax sale is void on account of irregularities, or is void for want
   of authority in the treasurer to sell, the lien of the tax for the
   non-payment of which the sale was made is transferred from
   the public to the purchaser.

3. **Lien: TRANSFER.** And in such case the lien for any prior or subse-
   quent taxes afterwards paid by the purchaser for the protec-
   tion of his rights under the tax-sale certificate is likewise trans-
   ferred to him.

4. **Tax-Sale Certificate: LIEN.** A tax-sale certificate based upon a
   void levy or assessment gives to the person to whom it is issued
   no lien upon the property described therein.

5. ———: ———: OWNER'S RIGHTS.. But if the owner of such certifi-
   cate, in the belief that it is valid, pays taxes subsequently
   levied and which are a lien upon the property described in the
   certificate, he is subrogated to the rights of the public in such
   taxes and entitled to enforce the lien therefor.

6. **Record: SUBSTANTIAL COMPLIANCE.** Where the record shows sub-
   stantial compliance with the jurisdictional prerequisites by the
   taxing authorities in levying a special assessment, and the land-
   owner fails to point out or suggest the existence of any sub-
   stantial defect in the proceedings, the judgment of the district
   court refusing to enforce the lien created by the statute in
   favor of the public will be reversed.

APPEAL from the district court for Douglas county.
Heard below before POWELL, J.   *Reversed.*

*Connell & Ives,* for appellants.

*Henry P. Leavitt* and *William D. Beckett, contra.*

*Rehearing allowed.

SULLIVAN, J.

This action to foreclose a tax lien was brought by David C. John against William J. Connell in the district court for Douglas county. It is claimed that the lien results from a tax sale based upon a special assessment made by the proper authorities of the city of Omaha to defray the cost and expense of grading Poppleton avenue between Twentieth and Thirty-sixth streets. It is alleged in the petition and shown by the proof that in 1892 the defendant's lot was, by the county treasurer, sold for the satisfaction of a delinquent grading assessment; that the plaintiff was the purchaser; that he received a tax-sale certificate in the usual form, and that he afterwards paid other general and special taxes charged against the property. The court found that the special assessments were void, but that the general taxes were valid; it also found that the plaintiff was the owner by subrogation of the lien for general taxes and rendered a decree enforcing the same. Both parties appeal. The defendant insists that the tax sale was not grounded upon a valid tax, and that, therefore, the plaintiff acquired neither a lien upon the property nor the right to pay taxes levied against it for subsequent years.

At the time Poppleton avenue was ordered graded by the city authorities the charter of 1887 had been adopted and was in force. By section 117 (Session Laws, 1887, ch. 10) it was provided: "Before any street, avenue, or alley shall be ordered graded, the damages, if any, by reason of such grading to property along that portion of the street proposed to be graded, including approaches thereto, shall first be ascertained and determined by three disinterested freeholders, who shall be appointed by the mayor and council for that purpose, who shall make such appraisement, taking into consideration the benefits, if any, to such property, and who shall exclude any damages resulting from any change or changes of the original or first established grade, and the amount of

damages so assessed, unless an appeal is taken, shall be due and payable to such property owners, or their agents, in sixty days after the completion and acceptance of such work of grading." The requirement of this section in regard to the ascertainment of damages was, in our opinion, mandatory and indispensable; it was a condition precedent to the exercise of the power to order the grading to be done. Our former decisions compel us to this conclusion. *Smith v. City of Omaha,* 49 Nebr., 883; *Ives v. Irey,* 51 Nebr., 136; *Merrill v. Shields,* 57 Nebr., 78; *Henderson v. City of South Omaha,* 60 Nebr., 125; *Von Steen v. City of Beatrice,* 36 Nebr., 421; *State v. Birkhauser,* 37 Nebr., 521; *Harmon v. City of Omaha,* 53 Nebr., 164; *Leavitt v. Bell,* 55 Nebr., 57. There was no attempt on the part of the city authorities to comply with section 117, *supra,* and consequently they never acquired jurisdiction to levy the grading tax. Not only was the sale to plaintiff unwarranted and null, but the levy itself was without lawful authority and created no lien against defendant's property.

Having concluded that the tax sale was not grounded on a valid assessment, we have next to inquire whether the court erred in giving judgment in favor of John for the general taxes which he paid on the assumption that he had obtained a lien by virtue of the treasurer's certificate. It is now thoroughly settled by the decisions of this court that, so far as the purchaser is concerned, there is no substantial distinction between tax sales that are void on account of irregularities and those that are void for want of authority in the treasurer to sell. In either case the lien of the tax, for the non-payment of which the sale was made, is transferred from the public to the purchaser; and so also is the lien of any prior or subsequent tax afterwards paid by the purchaser for the protection of his rights under the treasurer's certificate. *Grant v. Bartholomew,* 57 Nebr., 673; *Adams v. Osgood,* 60 Nebr., 779. The defendant, however, contends that the right to pay subsequent taxes does not exist in

favor of a person who has only an apparent and not an actual lien upon the property. It is said that in such case there can be no subrogation, because that right does not belong to one who makes a payment voluntarily, and not for the protection of some right or interest which he has in the property. Such is the rule laid down in Sheldon on Subrogation, sec. 240, and it is not questioned here; but it has been held in this state that the holder of a tax-sale certificate is not a volunteer, even though the land described in the certificate is exempt from taxation. *Wilson v. Butler County*, 26 Nebr., 676. In the case just cited MAXWELL, J., speaking for the court, said (p. 683): "A party having a lien on real estate, or having reason to believe that he has such lien, by paying taxes to protect the same, cannot be said to have made such payments voluntarily, so as to preclude a recovery." And further along in the same opinion the learned justice observes (pp. 683, 684): "The tax purchaser has a right to assume that the records of the county state the facts as they actually exist, and rely upon them, and is not compelled to look elsewhere for evidence of their veracity." In *Merriam v. Hemple*, 17 Nebr., 345, the tax, for the satisfaction of which the defendant's property was sold, was void because, according to the decisions under the former revenue law, the failure of the assessor to swear to the assessment roll was a jurisdictional defect. *Morrill v. Taylor*, 6 Nebr., 236; *Lynam v. Anderson*, 9 Nebr., 367; *McNish v. Perrine*, 14 Nebr., 582. But it was held, nevertheless, that the plaintiff had, by the payment of subsequent taxes, become subrogated to the rights of the public and was entitled to enforce the lien acquired thereby. The doctrine of the case is thus stated in the syllabus: "Where the purchaser at a void sale of real estate for taxes pays the taxes legally levied upon the real estate for subsequent years, upon a failure of his title he will be subrogated to the rights of the county to the extent of the legal taxes so paid by him with legal interest, even though the

taxes upon which the sale was had were void by reason of the default of the assessor in not filing the proper oath with the assessment roll."

It has been said over and over again in the decisions of this court that the policy of our revenue law has always been to encourage men to become purchasers at tax sales by insuring them against loss of the money invested. The most recent expression upon the subject is found in *Grant v. Bartholomew, supra.* In that case RAGAN, C., speaking of the legislation in favor of purchasers at tax sales, said (p. 688): "Now what was the object of this legislation? It was designed as an incentive and an inducement to persons to purchase real estate offered for sale by county treasurers for the non-payment of delinquent taxes thereon so that the state might collect its revenues and discharge its obligations; and the legislature, having in mind the abhorrence of the courts for all forfeitures and the disposition upon their part to put a strict construction upon revenue laws which deprived the citizen of his property for a tax much less than its value, provided that in no event should a purchaser at a tax sale whose title failed lose his money. If one purchased at a tax sale real estate on which no tax was due at the time, then the county was to hold the purchaser harmless by reimbursing him the money he had paid out at such tax sale; and if the land was liable for taxation, if taxes were due and delinquent against the land, then the owner of a tax-sale certificate was declared to be the assignee and the owner of the liens which the public had against that land and for which the public had sold or attempted to sell it." The doctrine of subrogation has its foundation in the principles of natural equity, and it is quite probable that the legislature contemplated, as a matter of justice as well as of policy, that when the public received payment of any taxes from a tax-sale purchaser, the right of the public —its lien for taxes—should be transferred to and vest in such purchaser. The holder of a tax-sale certificate

pays subsequent taxes with the understanding that he will be subrogated to the rights of the public; and the county treasurer, the agent of the public, receives payment with a like understanding of the effect of the transaction. This being so it would seem that the statute (Compiled Statutes, 1899, ch. 77, art. 1, sec. 116) should be given a liberal construction, with the view of making the intention of the parties effective. To permit the extinguishment of a tax lien when the tax is paid by the holder of the treasurer's certificate would tend to frustrate the policy of the state with respect to the collection of its revenues, and would benefit no one except the delinquent landowner whose attempt to escape the burdens of government renders him undeserving of its solicitude.

Our examination of the record has not revealed any vital infirmity in the proceeding which resulted in the levy of the sewer tax, and defendant has not pointed out, or even suggested, the existence of any substantial defect in such proceeding. We conclude, therefore, that the special sewer tax is valid and that the court erred in not enforcing it. The judgment is reversed and the cause remanded, with direction to the district court to render a decree enforcing the lien for general taxes and for the special sewer tax.

JUDGMENT ACCORDINGLY.