TITLE GUARANTEE AND TRUST COMPANY, Appellant, v. FANNY A. HAVEN et al., Respondents.   (Action No. 1.)

TITLE GUARANTEE AND TRUST COMPANY, Appellant, v. FANNY A. HAVEN et al., Respondents.   (Action No. 2.)

Subrogation — a bank having paid a forged check given for street assessments, which were a lien on the lands subject thereto, and having restored the amount thereof to its depositor, is entitled to be subrogated to the lien of the assessments — subrogation cannot be allowed, however, if the check was given for payment of a tax which was not a lien, but a mere personal indebtedness.

There is nothing in the nature of a lien for taxes or assessments, or in the fact that such lien exists in favor of a sovereign taxing power, to prevent the application of the equitable doctrine of subrogation when justice demands it.

In action No. 2 ·defendants agreed to sell certain premises in the city of New York to plaintiff free and clear of all liens and incumbrances. Before the last payment was made, certain assessments for grading an avenue, which were levied during the lifetime of defendants' testatrix, were paid by a forged check drawn by an unknown person against the funds of one of plaintiff's depositors, which check was paid by plaintiff in the belief that it was genuine. On the discovery of the forgery plaintiff restored the amount of the forged check to the credit of the depositor against whose account the check had been drawn. Plaintiff brought this suit praying judgment that upon the payment of the assessments it became subrogated to the lien of the assessments upon the lands subject thereto, and that such lien remains in full force as between the parties to the action; that the lien attached to the moneys received by the defendants as the purchase price, which in equity represents the land; and that the plaintiff recover the amount of the assessments from the defendants. *Held*, that section 112 of the Negotiable Instruments Law has no application to these facts, and that upon the assumption that the payment of the assessment was purely gratuitous and in nowise in discharge of any real or supposed obligation upon the part of the person from whose account the money was paid or of the unknown forger, but was brought about solely by mistake induced by the forgery, plaintiff is entitled to be subrogated to the lien of the city as against the proceeds of the sale of the land in the hands of the defendants.

In action No 1, upon the same state of facts in other respects, where a forged check was used to pay taxes, instead of assessments, levied during the lifetime of defendants' testatrix, and which were her personal debts, the money represented by the check cannot be regarded as having been applied to relieve the devised premises from a lien; this fact prevents the equitable doctrine of subrogation from being available to plaintiff.

*Title Guarantee & Trust Co.* v. *Haven*, 126 App. Div. 907, affirmed.

*Title Guarantee & Trust Co.* v. *Haven*, 126 App. Div. 802, reversed.

(Argued October 22, 1909; decided November 30, 1909.)

APPEAL in each of the above-entitled actions from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered respectively June 19 and 18, 1908, affirming a judgment in favor of defendants entered upon the report of a referee.

The nature of the actions and the facts, so far as material, are stated in the opinions.

*Edward E. Sprague* and *Harold Swain* for appellant. The rights of the parties are not governed by the law of nego-

tiable paper. (Daniel on Neg. Instr. § 1655a; 2 Parsons on Bills & Notes, 80.) Plaintiff is entitled to recover as for money paid to the use of defendants under a mistake of fact. (*Nat. Bank* v. *N. M. B. Assn.*, 55 N. Y. 211; *Mayer* v. *Mayor, etc.*, 63 N. Y. 455.) Plaintiff's mistake, even if negligent, has imposed no burden upon the defendants. (*Nat. Bank* v. *N. M. B. Assn.*, 55 N. Y. 211.) The fact that plaintiff's money went to pay the defendants' assessments, without any request from them, should not prevent a recovery. (*Bostwick* v. *Beach,* 103 N. Y. 414; *Smith* v. *Robinson*, 89 N. Y. 555; *Obecny* v. *Goetz*, 116 App. Div. 807; *Hubbell* v. *Moulson*, 53 N. Y. 226; *Miner* v. *Beekman*, 50 N. Y. 337; *Abbott* v. *B. S. Line*, 4 Md. Ch. 310; *The Woodland*, 104 U. S. 180; *Hoover* v. *Epler*, 52 Penn. St. 522; Sheldon on Subrogation [2d ed.], § 245; *Ball* v. *Miller*, 17 How. Pr. 300; *Parker's Appeal*, 13 Atl. Rep. 481.) Plaintiff honored and paid the forged check in good faith, in the mistaken belief that it was paying a lawful obligation. Defendants, without consideration or change of position, have benefited directly by the very money paid by plaintiff. Equity will transfer this benefit to plaintiff by means of subrogation. (Sheldon on Subrogation [2d ed.], 2, 6, 57, 265; *Arnold* v. *Green,* 116 N. Y. 566; *Pease* v. *Egan*, 131 N. Y. 262; Harris on Subrogation, 223, 225; *Sidenberg* v. *Ely*, 90 N. Y. 257; *Burr* v. *Veeder*, 3 Wend. 412; *Matter of Kirkland*, 14 N. B. R. 139; *Matter of McBride*, 19 N. B. R. 452; *Thomas* v. *Evans*, 105 N. Y. 612; *Miner* v. *Beekman*, 50 N. Y. 337; *Obecny* v. *Goetz*, 116 App. Div. 807; *Graham* v. *Dunnigan*, 15 N. Y. Super. Ct. 629; *Lageman* v. *Kloppenburg*, 2 E. D. Smith, 126.) The liability of the Ogden estate to pay the taxes does not affect plaintiff's right to recover from defendants in action No. 1. (*Hathaway* v. *County of Delaware*, 185 N. Y. 368.)

*John Vernou Bouvier, Jr., John B. Doyle* and *Dudley Davis* for respondents. There is no basis for a money judgment in this action against the defendants because they were

never personally liable for payment of the arrears of assessments. (*Swarts* v. *Siegel,* 117 Fed. Rep. 13 ; *Matter of Johnson,* L. R. [15 Ch. Div.] 548 ; *Winslow* v. *Otis,* 5 Gray, 360 ; *Houston* v. *B. Bank,* 25 Ala. 250 ; *Matter of Hun,* 144 N. Y. 147.)  Plaintiff is a pure volunteer and not entitled to relief by subrogation. (Bispham on Eq. §§ 335, 336 ; *Matthews* v. *Aiken,* 1 N. Y. 595 ; *Sandford* v. *McLean,* 3 Paige, 122 ; *Koehler* v. *Hughes,* 148 N. Y. 507 ; *Gadsden* v. *Brown,* Speer Eq. 37 ; *Hedges* v. *Dixon Co.,* 150 U. S. 191 ; *P. S. Nat. Bank* v. *U. S.,* 164 U. S. 231 ; *Ins. Co.* v. *Middletown,* 124 U. S. 534 ; *Suppinger* v. *Garrels,* 20 Ill. App. 625 ; Norton on Bills & Notes, 418 ; *Attorney-General* v. *C. Ins. Co.,* 71 N. Y. 325 ; *O'Conner* v. *M. Bank,* 124 N. Y. 331.) Subrogation to the lien of the state or city for assessments is discountenanced. (27 Am. & Eng. Ency. of Law [2d ed.], 578 ; *McInerney* v. *Read,* 23 Iowa, 410 ; *Hinchman* v. *Morris,* 29 W. Va. 673 ; *Pray* v. *Field,* 30 Ark. 600 ; *M. T. Co.* v. *Hart,* 76 Fed. Rep. 673.) The plaintiff should not be allowed to follow the payment into the equivalent benefit received by the defendants. (*G. Nat. Bank* v. *State of New York,* 171 N. Y. 379 ; *Justh* v. *Nat. Bank of Commonwealth,* 56 N. Y. 478 ; *Stephens* v. *Board of Education of Brooklyn,* 79 N. Y. 183 ; *Southwick* v. *F. Nat. Bank,* 84 N. Y. 420 ; *Nat. Bank* v. *Bd. of Suprs.,* 106 N. Y. 488 ; *Kelley* v. *Lindsley,* 7 Gray, 287 ; *City of Albany* v. *McNamara,* 117 N. Y. 168 ; *Place* v. *City of Yonkers,* 60 N. Y. Supp. 171 ; *N. S. Bank* v. *Town of Woodberry,* 72 N. Y. Supp. 225 ; *Greene* v. *Niagara County,* 67 N. Y. Supp. 294.) To grant the plaintiff the relief demanded would be to frustrate the purpose of section 112 of the Negotiable Instruments Law. (*Nat. Park Bank* v. *Ninth Nat. Bank,* 46 N. Y. 77 ; *Goddard* v. *M. Bank,* 4 N. Y. 149 ; *Canal Bank* v. *Bank of Albany,* 1 Hill, 287 ; *Timbel* v. *G. Nat. Bank,* 121 App. Div. 870 ; *S. Nat. Bank* v. *Bank of America,* 193 N. Y. 26 ; 118 App. Div. 907 ; *Morgan* v. *U. S. M. & T. Co.,* 125 App. Div. 22 ; *Trust Co.* v. *Hamilton Bank,* 127 App. Div. 515.)  No

liability ever attached to the defendants in action No. 1 to pay the taxes. They are improper parties defendant in the action. (*Hathaway* v. *County of Delaware*, 185 N. Y. 369; *Buckhout* v. *City of New York*, 176 N. Y. 363; *City of New York* v. *McLean*, 170 N. Y. 374; *Randell* v. *Lakey*, 40 N. Y. 514; *Matter of Babcock*, 115 N. Y. 450; *Coudert* v. *Huerstel*, 60 App. Div. 83; *Matter of Mansfield*, 11 Misc. Rep. 296; *Matter of Franklin*, 26 Misc. Rep.⁻ 107; *Matter of Arkenburgh*, 13 Misc. Rep. 744; *Matter of Doheny*, 70 App. Div. 370.)

Opinion in Action No. 2:

WILLARD BARTLETT, J. The defendants had acquired by devise certain lands in the city of New York subject to a lien of $9,953.83 for assessments imposed by the city for regulating and grading an avenue. Being the owners of such lands, they agreed to sell the premises free and clear of all liens and incumbrances. Under the contract of sale, payment was made in three installments. Before the last payment, the assessments were paid, not by the defendants, by means of a check for the amount thereof drawn upon the plaintiff corporation to the order of the collector of assessments and arrears of New York city. The check purported to be signed by William O. Green, trustee, who had authority to draw checks against a deposit with the plaintiff to the credit of the estate of Andrew H. Green. The signature was a forgery but the plaintiff paid the check believing it to be genuine. There is no evidence as to the identity of the forger or that the defendants had any notice or knowledge of the payment of the assessments by means thereof until after the event. After ascertaining the forgery, the plaintiff restored to the credit of the estate of Andrew H. Green in its deposit account the amount of the forged check which had previously been charged against it.

Upon these facts, the plaintiff brought this suit praying judgment that upon the payment of the assessments the plaintiff became subrogated to the lien of the assessments upon the

lands subject thereto and that such lien remains in full force as between the parties to the action; that the lien attached to the moneys received by the defendants as the purchase price, which in equity represents the land; and that the plaintiff recover the amount of the assessments from the defendants.

The answer denied all the allegations of the complaint except the ownership of the lands, the contract to sell the same and the conveyance thereof under the contract. It further averred that the premises were devised to the defendants by Marianna A. Ogden of Newport, R. I., subject to the assessments which were confirmed and levied during her lifetime; that Andrew H. Green, for many years prior to his death, was her agent and personal representative in reference to the management and care of her real estate; that the said Marianna A. Ogden sent him $9,953.83 for the purpose of paying the assessment but he never paid the same; and that all these matters were known to the plaintiff corporation when it restored to the credit of the Andrew H. Green estate the amount paid out on the forged check.

The issues were referred to a referee to hear and determine. He found the facts substantially as set forth in the pleadings, except that there is no finding of the receipt of any money by Andrew H. Green from Marianna A. Ogden with which to pay the assessments. The Appellate Division, by a divided court, has affirmed the judgment in favor of the defendants which was entered upon the referee's findings.

Both the referee and the judge who wrote the prevailing opinion below thought that the case was controlled by section 112 of the Negotiable Instruments Law which provides that the acceptor of a negotiable instrument admits " the existence of a drawer, the genuineness of his signature, and his capacity and authority to draw the instrument." This enactment is merely declaratory of the common law. The leading English case in which it is enunciated is *Price* v. *Neal* (3 Burrow, 1354), decided by Lord Mansfield in 1762. The leading New York case to the same effect is *National Park Bank* v. *Ninth National Bank* (46 N. Y. 77). But

the doctrine of these decisions, now found in the rule formulated by section 112 of the Negotiable Instruments Law, applies only in favor of one who is a holder for value of the instrument which turns out to have been forged. Thus, Lord MANSFIELD in *Price* v. *Neal* (*supra*) dwelt upon the fact that the bill of exchange there in question had been indorsed to the defendant "for a fair and valuable consideration which he had *bona fide* paid;" and in the leading New York case (*National Park Bank* v. *Ninth National Bank, supra*) it appeared that the draft had been discounted by the Livingston National Bank and indorsed to the defendant which was a *bona fide* holder. The rule, therefore, that he who accepts a negotiable instrument to which the drawer's name is forged is bound by the act and can neither repudiate the acceptance nor recover the money paid, has no application in behalf of one who has acquired the paper in the absence of any consideration whatever therefor either present or past. Such was the case here according to the finding of the referee. So far as appears, the check of the Green estate, which proved to be forged, was not given in payment of any existing or antecedent indebtedness either on the part of that estate or even of the forger. For these reasons we agree with the learned judge who wrote for the minority in the Appellate Division, saying: "Section 112 of the Negotiable Instruments Law upon which the referee based his decision has nothing to do with the question."

There being nothing in the law of commercial paper which constitutes an obstacle to a recovery by the plaintiff, it remains to consider whether the court below (all the judges concurring in this respect) were right in holding that no equitable remedy was available to the plaintiff under the doctrine of subrogation.

Upon the facts as found by the referee we have here the case of a purely gratuitous payment of assessments, constituting at the time a lien in favor of the city of New York upon lands owned by the defendants, which payment was clearly induced by the fraud and forgery of some party unknown.

The money thus paid without any request or authority from the defendants is not recoverable in an action at law. "No one can thus make himself the creditor of another by the unsolicited payment of his debts." (*Kelley* v. *Lindsey*, 7 Gray, 287; *Homestead Co.* v. *Valley Railroad*, 17 Wallace, 153, 167.) The payment, however, operated as between the defendants and the city to discharge the city's lien which rested upon the defendants' land; and the theory upon which the plaintiff has brought the present suit in equity is that this lien under the circumstances is to be deemed still alive for the benefit of the party who actually paid the assessments and inasmuch as the defendants have conveyed away the land the lien is transferred to the proceeds in their hands.

It is argued in the brief of counsel for respondents that subrogation to the lien of a state or city for assessments is discountenanced by the law and reference is made to the case of *Mercantile Trust Co.* v. *Hart* (76 Fed. Rep. 673) where THAYER, J., intimated that it might well be doubted whether a person could ever claim subrogation to the rights of the state as respects a lien for taxes. The doubt thus suggested finds little support in the cases which we have been able to find bearing on the question. On the contrary, the cases are not infrequent in which such liens, although discharged as to the taxing power, have been kept alive to do justice between third parties. In *Cockrum* v. *West* (122 Ind. 372) the property of the appellee had been applied to the payment of a tax which the land held by the appellant was justly and primarily bound to pay. Under these circumstances the Supreme Court of Indiana held that the appellee was entitled to be subrogated to the state's lien for taxes upon the land conveyed to the appellant. In *Sharp* v. *Thompson* (100 Ill. 447) where the mortgagee had paid taxes which it was the duty of the mortgagors to pay, it was held that the mortgagee was thereby subrogated to the rights of the state which had a lien upon the land for taxes. In *McNish* v. *Perrine* (14 Neb. 582) the purchaser at a void sale of real estate for taxes had paid the taxes legally levied upon the premises for subsequent

years; upon the failure of his title he was subrogated to the rights of the county to the extent of the legal taxes so paid by him, notwithstanding the fact that the taxes for which the sale was had were void.  The same doctrine is enforced and expounded with reference to many other Nebraska cases in *John* v. *Connell* (61 Neb. 267).  In *Fiacre* v. *Chapman* (32 N. J. Eq. 463) a second mortgagee had paid taxes and assessments imposed on the premises after a sale to Jersey City for their non-payment, and upon foreclosure of the first mortgage he was held to be entitled by equitable subrogation to the city's lien.  These cases suffice to show that there is nothing in the nature of a lien for taxes or assessments or in the fact that such lien exists in favor of a sovereign taxing power to prevent the application of the equitable doctrine of subrogation when justice demands it.

We think that justice demands its application here.  Subrogation is not permitted (1) where the party seeking it has intermeddled with the affairs of the defendant; or (2) where it would prejudice the rights of innocent third parties.  Here the plaintiff did not officiously interfere with the affairs of the defendants, but acted in fullfillment of what it supposed to be an obligation towards one of its depositors with the result that it relieved the defendants' land from the assessment lien thereon.  Far from disturbing the defendants' affairs it aided the defendants to perform their contract to convey the premises free from incumbrances.  The case, therefore, can hardly be called one of officious interference.  The right of subrogation is denied because it is said that the money was advanced solely upon the personal credit of the depositor and it was a mere accident that it went to discharge the lien.  But this last feature is the characteristic of the case which entitles the plaintiff to equitable relief that might otherwise be unavailable.  It is suggested that another rule stands in the way of the plaintiff, namely that "a subrogee acquires no remedies different from those which might have been enforced by the parties to whose place he succeeds;" and the plaintiff here seeks a personal money judg-

ment which, of course, the city could not have had against the landowner upon the assessments, inasmuch as they did not subject the landowner to any personal liability but merely created a charge upon the land. The answer to this objection is that the demand for a personal money judgment is only incidental and that the principal prayer of the complaint is for subrogation to the lien of the city, which is to be deem transferred to the proceeds of the land in view of the fact that the land has been conveyed away by the defendants. If the defendants still retained the land upon which the assessments were paid, the plaintiff succeeding to the rights of the city would have acquired its lien thereon for the amount of the assessments. Although the lien of the city of New York was terminated as to the city by the payment of the assessments it could be regarded as still existent for the purpose of doing justice between the party who had paid them and the owners of the land. The land having been converted into money in the pockets of the defendants the lien attaches to that money and is enforceable against it.

. It must be distinctly understood that this view is predicated upon the assumption that the payment of the assessments was purely gratuitous and in nowise in discharge of any real or supposed obligation upon the part of the estate of Andrew H. Green or of the unknown forger, but was brought about solely by mistake induced by the forgery. Upon this assumption we think that the plaintiff on proof of the facts stated in the complaint would be entitled to be subrogated to the lien of the city as against the proceeds of the sale of the land in the hands of the defendants. If, however, it should be made to appear that the payment was not thus gratuitous, we are of opinion that the right of subrogation could not successfully be asserted.

The judgment should be reversed and a new trial granted, with costs to abide the event.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT, WERNER and HISCOCK, JJ., concur.

. Judgment reversed, etc.

Opinion in Action No. 1:

WILLARD BARTLETT, J.    This action in its character and the facts developed upon the trial is in all respects similar to *Action No. 2* between the same parties and similarly entitled except that the forged check in the present case was used to pay taxes (instead of assessments) upon the lands of the defendants. Inasmuch as these taxes had been levied during the lifetime of the defendants' testatrix and were her personal debts chargeable against her estate the money represented by the forged check cannot be regarded as having been applied to relieve the devised premises from a lien. This fact differentiates the case from *Action No. 2* and prevents the equitable doctrine of subrogation from being available to the plaintiff. There being no other theory which will sustain a recovery, the judgment in favor of the defendants was right and was properly affirmed by the Appellate Division.

The judgment of the Appellate Division should be affirmed, with costs.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT, WERNER and HISCOCK, JJ., concur.

Judgment affirmed.