THE PEOPLES TRUST COMPANY OF MALONE, Appellant, *v.* SCHOOL
  DISTRICT No. 6, TOWN OF WESTVILLE, Respondent, and WIL-
  LIAM GRIFFIN, Defendant.

County Court, Franklin County, January 20, 1939.

*Allen & McClary,* for the appellant.

*John W. Genaway,* for the respondent.

CAREY, J.   This is an appeal from that portion of a judgment
of the Justice's Court of the town of Malone, Franklin county,
dismissing the complaint as against the defendant-respondent
School District No. 6, Town of Westville.

The action was tried before the justice of the peace on the 18th
day of April, 1938.   Judgment was entered on the 21st day of
April, 1938, and subsequently an appeal was duly taken and argued.

For the purpose of determining this matter the facts are as fol-
lows: The school district is a municipal corporation, and prior to
July 1, 1935, the defendant William Griffin was its sole trustee,
when on July 1, 1935, John Rockhill became such sole trustee.
During the school year of 1934 and 1935 there was employed as a

teacher in said district Miss Inez Lamay, and in the course of the year 1935 there was due her for services as teacher the sum of approximately $203. On July 5, 1935, the defendant Griffin went to the office of the plaintiff-appellant, the bank, in the village of Malone, and, without disclosing the fact that he was no longer trustee, borrowed $175 from the bank in the name of the school district and signed the same as trustee. The proceeds of such loan were paid by the bank by means of a check to Miss Inez Lamay and the same eventually was cashed by her. It appears that the bank, at the time of making the loan, acted in good faith and on the assumption that the defendant Griffin was the duly acting trustee of said district. After discovering that the defendant Griffin was not the duly acting trustee, the bank endeavored to collect the amount it had advanced from the school district, but payment thereof was refused, and subsequently suit was instituted as hereinbefore stated on the theory that the bank was subrogated to the interest of the teacher, Miss Lamay, and, therefore, entitled to proceed against the school district.

Upon the equities it would seem that the bank was entitled to recover for the reason that it has paid what appears to be a lawful debt of the school district to the party entitled to payment. Subrogation involves three elements: *First*, a valuable right, *i. e.*, the right to collect wages from the district. *Second*, a person who owns that right, *i. e.*, the teacher, Miss Lamay. *Third*, a person who is seeking to be substituted to that ownership, *i. e.*, the bank.

Subrogation is the substitution of another person in place of a creditor so that the person in whose favor it is exercised succeeds to the rights of the creditor in relation to the debt. An extensive search of the authorities in this State fails to disclose any instance wherein a similar situation arose. However, in 56 Corpus Juris, under the general topic of schools and school districts, at page 548 it was stated as follows: " But even where there is no authority to borrow, or the authority is irregularly exercised, if money is borrowed for a legitimate purpose and is used and applied for that purpose, the district or township may be held liable on an implied assumpsit for money had and received. Likewise, where a school officer having no power to borrow money on behalf of the district does so and the money is applied to a lawful indebtedness of the district, the lender of such money may be subrogated to the rights of the creditor and by such means recover from the district the amount loaned."

The statement above quoted approximates the situation involved in the case at hand, so it appears that upon the equities the principle of subrogation should be applied and upon the foregoing

authority the bank is removed from the position of being a volunteer. However, in this case the testimony of Miss Lamay indicates that she was given an order calling for the payment of ninety dollars by the school district but that the same was never cashed by her. Her testimony is as follows: "Q. I show you a book of blanks and forms 1934–1935 for this school district marked Plaintiff's exhibit 2 for identification and ask if you can tell how many orders were given to you for wages for that year? A. Eight orders issued for ninety dollars each to me. May 9th order which is the last one issued of these eight was never cashed. Q. Why wasn't it cashed? A. They refused to cash it at the bank and directed me to the Supervisor and lack of funds prevented him from cashing it. Q. You still have another order? A. I have. Q. Do I understand that that book shows that correct amount up to that other transaction of July 5, except that the ninety dollar order never was cashed of May 9th? A. Yes."

From this testimony it appears that, so far as the record is concerned, the school teacher, Miss Inez Lamay, still had in her possession at the time of the trial of this action an order calling for the payment of ninety dollars. It may be that such ninety-dollar order is negotiable or it may be that it could be discounted and sold to some party who might demand payment from the school district. Under subrogation the district certainly should not be called upon to make payment twice nor should it be subjected to the expense of a law suit. That would not be equitable. According to the case of *Title Guaranty Trust Co.* v. *Haven* (196 N. Y. 487), subrogation is not permitted where it would prejudice the rights of innocent third parties.

Again quoting from 60 Corpus Juris (at p. 709): "Subrogation will be granted only where an equitable result will be reached. It will not be allowed when to do so would be inequitable."

Where subrogation is allowed it necessarily is made subject to prior equities and rights and should be allowed only where it may be consistent with such other existing legal rights. Were the school teacher, Miss Lamay, to commence suit against the district it might be that the district could establish a partial defense to the extent of the ninety-dollar order delivered to her. It is a familiar principle in law that an assignee takes subject to the equities in favor of and against the assignor. In this case it appears that the assignor, Miss Lamay, was subject to whatever defense the district might have on the ninety-dollar order. In being subrogated to the right of Miss Lamay, then, it would appear that the bank, the assignee, should be subject to the same right or limitation.

In conclusion, then, it is the opinion of the court that the bank should be subrogated to the rights of Miss Lamay as against the district subject to the same limitations to which she is subject. So that, on the facts here, judgment is awarded to the plaintiff-appellant bank against the district in the sum of eighty-five dollars, without interest, and the judgment of the Justice's Court is, in all other respects, affirmed. An order to that effect may be submitted.