Edward S. Conway, J.
Plaintiff in Action No. 1 moves for summary judgment of foreclosure of its mortgage.
William Weisman, a defendant in Action No. 1 and the plaintiff in Action No. 2, moves for the appointment of a Receiver of the rents and profits of the premises underlying the mortgage of the plaintiff in Action No. 1.
*654 Action No. 1 is brought to foreclose a mortgage op. premises described in the complaint- All of tbe defendants in Action No. 1 have defaulted except defendant, William Weisman.
William Weisman, as an affirmative defepse ;n Action Np. 1 and as a third cause of action in Action No. 2, asserts and seeks to foreclose a lien agaipst the premises, wftiph lien he claims is or may be a prior lien to the first mortgage on the premises. The alleged Rep for $5,400 arises opt of a purely gratuitous payment of taxes on the premises. Payment was made to the Treasurer of Ulster County, a defendant ip the second action, who has appeared and answered.
ft is conceded that William Weisman paid fhe tax arrears upon the property for the years 1964 and 1965 in the amount of $5,462.42.
WiRiam Weisman, as a defendant In AcRop No. 1 and as a plaintiff in Action No. 2, made a cross motion for summary judgment for the amount of the tases involuntarily paid to the County Treasurer of Ulster County. Me seeks an in personam judgment against the County Treasurer of Ulster County op a judgment impressing a Ren upop the premises covered by the plaintiff’s mortgage ip fpe first cause of action.
In the case of 3105 Grand Corp. v. City of New York (288 N. Y. 178) the Court of Appeals said at page 182: “ Moreover, facts are here present which permit of the application of the doctrine of subrogation, ‘ which is a device adopted by equity to compel the ultimate discharge of an obligation by him who in good conscience ought to pay.’ (Ballantine Law Dictionary, Subrogation.) There is nothing in the nature of a lien for taxes, or in the fact that such lien exists in favor of a sovereign taxing power, so as to prevent the application of this equitable doctrine of subrogation. (Title Guarantee & Trust Co. v. Haven, 196 N. Y. 487.) In all fairness and justice the property of appellant ought not to be permitted to benefit by the payment * * * The one who in good conscience ought to pay should be compelled ultimately to discharge the obligation, Subrogation is the principle adopted by equity to meet just such a situation. It is a highly favored remedy and, while not a matter of strict right, the courts are inclined to extend rather than restrict its application. (Bonham v. Coe, 249 App. Piv. 428; affd. 276 N. Y. 540.) ” (Emphasis supplied.)
In the case of Title Guar. & Trust Co. v. Haven (196 N. Y. 487) the Court of Appeals said at page 496:
“If the defendants still retained the land upon which the assessments were paid, the plaintiff succeeding to the rights of the city would have acquired its Ren thereon for the amount of *655 the assessments. Although the lien of the city of New York was terminated as to the city by the payment of the assessments it could be regarded as still existent for the purpose of doing justice between the party who had paid them and the owners of the land. The land having been converted into money in the pockets of the defendants the lien attaches to that money and is enforceable against it.
“ It must be distinctly understood that this view is predicated upon the assumption that the payment of the assessments were purely gratuitous and in nowise in discharge of any real or supposed obligation * * * Upon this assumption we
think that the plaintiff on proof of the facts stated in the complaint would be entitled to be subrogated to the lien of the city as against the proceeds of the sale of the land in the hands of the defendants. ’ ’
This court finds that the elements of unjust enrichment and subrogation being present in the case at bar, the said William Weisman is entitled to recover the moneys used to gratuitously pay the taxes which were superior liens against the property upon which plaintiff is foreclosing its mortgage.
The court grants the cross motion of William Weisman for summary judgment impressing a lien in the sum of $5,462.42 with interest at 6% from the 24th day of December, 1965, upon the property covered by the plaintiff’s mortgage herein and directs that said lien shall have the same priority upon the proceeds of the sale of the property under the plaintiff’s mortgage as if it were a tax lien of the County of Ulster which was in full force and effect at the time the sale takes place.
The court further grants the motion of the plaintiff for an order directing summary judgment for the relief demanded in the complaint, subject to the lien above set forth.
The court denies the motion for the appointment of a Receiver.
The court allows no costs.