## SOMERS *vs.* TORREY.

Where the defendant, who was insolvent, had recovered judgment against the complainant in an action of slander, and the latter filed his bill to off-set another judgment against the defendant which had been assigned to the complainant by F. during the pendency of the slander suit; and the defendant, by his answer, after denying that the assignment was made absolutely and in good faith, and averring that it was made without consideration and was merely colorable, proceeded to charge the complainant with having uttered the slanderous words for which the defendant's judgment was recovered, at the instigation of F., and to aid him in a design of destroying the defendant's character, under a promise of indemnity from F., and that F.'s judgment was assigned to the complainant in pursuance of such promise of indemnity ; *Held,* that these charges in the answer were not material to the defence, and were scandalous and impertinent.

The counsel who signs a pleading containing scandalous or imperfect matter is guilty of a contempt of the court, and is personally liable to the adverse party for the costs of the proceedings to have the scandalous or impertinent matter expunged.

January 20. THIS case came before the chancellor upon exceptions to a master's report, disallowing two exceptions to the defendant's answer. The defendant recovered a judgment against the complainant in an action of slander ; and this bill was filed for the purpose of off-setting against that judgment the amount of another judgment against Torrey, the defendant, which, as the bill alleged, was assigned by G. W. Fitch to the complainant, during the pendency of the slander suit and a few months before the trial therein. The defendant, in his answer, which was put in without oath, denied that the assignment of the judgment by Fitch to the complainant was made absolutely and in good faith. On the contrary he insisted that if any such assignment was made, it was without consideration and merely colorable ; and was made for the purpose of enabling the complainant to offset the judgment against any judgment which might be recovered against him in the slander suit. The defendant then further stated, in his answer, that before the speaking of the slanderous words for which he had recovered judgment against the complainant, Fitch had become the declared enemy of the defendant, and had entered

into a conspiracy with several persons for the purpose of destroying his character, by imputing to him the crime of perjury ; that the complainant, without any individual hostility to the defendant, but merely to accommodate Fitch, and to aid him in his purpose of destroying the defendant's character, uttered the slanderous words for which his suit was brought ; with an understanding that the complainant was to be indemnified by Fitch against the consequences of such slanderous aspersions upon the defendant's character. And that if the judgment was assigned by Fitch to the complainant, as alleged in the bill, it was assigned in pursuance of such understanding, and for the purpose of enabling the latter to off-set it against any verdict or judgment which might be recovered against him in the slander suit. To this statement in the answer the complainant excepted, as scandalous and impertinent.

*W. H. Seward,* for the complainant.

*M. T. Reynolds,* for the defendant.

THE CHANCELLOR. The statement in the answer which is covered by these exceptions, if it is not responsive to the bill or material to the defence of the suit, is not only impertinent, but is a gross slander upon one who is not a party to the suit, as well as upon the complainant. And the counsel who puts his hand to such scandalous and impertinent matter, is not only liable to the animadversions of the court, but is also chargeable with the costs of the proceedings, to have it expunged from the records of the court. (*Mitf. Pl.,* Edw. ed., 48, 318.) It certainly could make no difference, as to the complainant's right of off-set, whether he had slandered the defendant to gratify his own malice, or merely as the convenient tool of another. For that slander, with all its aggravations, the defendant Torrey had the right to appeal to a jury of his country for redress ; and the complainant having been convicted of the slander, I am bound to presume the jury has given against him such damages as were proper, under the circumstances as disclosed at the trial. The statement excepted to in

this answer as scandalous and impertinent, is calculated to degrade the slanderer still lower in the public estimation, by inducing a belief that he was only acting as a willing instrument to gratify the malice of another, who had entered into a conspiracy to fix upon Torrey the charge of perjury. It is also calculated to injure the reputation of a third person who is not a party to the suit, and who has, therefore, no opportunity to prove the falsity of this statement as to himself. And it would be a disgrace to the administration of justice, if any court should permit its records to be used for such purposes merely. If the complainant is the bona fide assignee of a judgment against the defendant, it can make no difference in the result of this suit, whether the slander for which the defendant recovered his judgment was the result of the complainant's own malice, or of the malice of another. The first part of the answer puts in issue every thing that is material for the defence; and it will enable the defendant to give evidence of any thing which would show that the assignment of the judgment to the complainant was not made in good faith, or that the judgment was transferred upon an illegal consideration. The residue of the answer was unnecessary, and therefore impertinent; as the defendant is not permitted to put the same matters twice in issue, by allegations in different parts of his answer. The exceptions must be allowed, with costs; and the impertinent and scandalous matter must be expunged. (a)

(a) The counsel whose name is put to a pleading containing scandalous or impertinent matter is personally liable to the adverse party for the costs of the proceedings to expunge the scandal or impertinence. (*Doe* v. *Green*, 1 *Paige*, 349.) So if a solicitor files a scandalous affidavit, he is guilty of a contempt of the court, and may be personally charged with the expense of taking it off of the files. (*Ex parte Wake*, 1 *Mont. & Bligh's Rep.* 259.)