(40 App. Div. 490.)

HILTON v. CARR.

(Supreme Court, Appellate Division, First Department. May 19, 1899.)

No. 1,292.

1. ACTION FOR SLANDER—PLEADING—IRRELEVANT MATTER.
    In an action for slander, the answer, by way of mitigation of damages, alleged that at the time of the speaking of the words charged the defendant went to the house where plaintiff was living in adulterous relations with one G., to collect a bill; that, if defendant spoke the words charged, he did so under the provocation of language used towards him by plaintiff, and his refusal to pay; and that, if spoken at all, they were spoken in the heat of passion, provoked by plaintiff. The slander did not refer to such relations. *Held*, that the relation of the plaintiff to G. was not in any way connected with the altercation, and the allegations setting out such relation are irrelevant, and should be stricken out.

2. EVIDENCE OF CHARACTER.
    Specific acts cannot be proved to show the bad reputation of a person.

Appeal from special term, New York county.

Action by Henry G. Hilton against Benjamin J. Carr. From an order denying plaintiff's motion to strike out as scandalous and irrelevant certain allegations of the defendant's answer, plaintiff appealed. Reversed.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, and PATTERSON, JJ.

Howard P. Okie, for appellant.
William R. Bronk, for respondent.

RUMSEY, J. The action was for slander, the allegation being, substantially, that slanderous words were spoken to the plaintiff, at his residence, on the 2d of November, 1898. After a general denial,

and for a second defense by way of mitigation, the defendant alleged, in substance, that the plaintiff and one Sylvia Gerrish employed the defendant's son to render certain services upon a building in which they resided; that the defendant had assisted his son in performing the work, and had rendered a bill, which the plaintiff promised to pay, but never had paid; that on the day when the alleged slanderous words were spoken the defendant went to the plaintiff's residence to receive payment of the bill; that while he was there an altercation ensued, in which both parties lost their tempers, and used harsh language towards each other, and that it was under the provocation excited by the language of the plaintiff that the defendant used the words set out in the complaint. As a preliminary to this partial defense, the defendant alleges "that on, and for a long time prior to, November 2, 1898, the plaintiff has resided in Sedgwick avenue, in the borough of the Bronx, in the city of New York, with one Lillian J. Rollins, otherwise known as Sylvia Gerrish, said Sylvia Gerrish being commonly known as and called the wife of the plaintiff, although plaintiff at all said times had a true and lawful wife, who long ago had separated from him, and who has long been supported by plaintiff's father; that plaintiff's household in said Sedgwick avenue consists of himself and said Sylvia Gerrish, together with the mother and brother of said Sylvia Gerrish, who reside there with them." The substantial facts constituting the alleged mitigation are set up after this preamble, and the plaintiff has moved to strike out the words quoted above, upon the ground that they are irrelevant and scandalous. This motion was denied, and from that denial an appeal is taken.

The thing which constitutes a mitigation of this answer is the fact that the words were spoken in the heat of passion, and in reply to words uttered by the plaintiff. These facts might be sufficient to mitigate to some extent the damages suffered by the plaintiff because of the speaking of the alleged slanderous words, if the jury saw fit to accept them for that purpose. But mitigation arises purely on account of the fact that at the time of speaking the words the defendant was angry, and his anger was caused by what was said to him by the plaintiff himself. Proof of those facts involves evidence as to what took place at the time the words were spoken, and to that extent, undoubtedly, the allegations of this answer are competent and material. Mitigation, however, arises only from what was said at the time; and the relations of the plaintiff to other persons, whether existing at that time or in existence before, are not of the slightest materiality except so far as such relations may have given rise to the speaking of the words which are complained of. It is quite clear from the allegations of this complaint that the relations of the plaintiff with the persons who lived in the house with him had nothing whatever to do with the altercation which took place between these parties at the time when the defendant went there to get his pay for the work that he had done. When the defendant undertakes to prove these facts in mitigation, he will be confined to what occurred at that time, and he will not be at liberty to give any testimony as to relations of the plaintiff which might throw discredit upon him, whether they existed at that time or not, unless the proof of such relations was material to show the occasion

for the speaking of the words complained of. It is very clear that these relations were not at all connected with this altercation, and for that reason the defendant would not be permitted to prove them. Nor can they be proved for the purpose of discrediting the character of the plaintiff. The rule is well settled that specific acts cannot be proved to show the bad character of any person, where that is attacked. Greenl. Ev. § 55. In no aspect of the case, therefore, can the words quoted be material to the defense. Not only are they irrelevant, but, containing, as they do, a specific charge that the plaintiff was living in adultery, they are scandalous. When allegations which contain charges of a criminal nature against a party, or which are necessarily prejudicial to his character and reputation, are irrelevant, the party against whom the charges are made is always considered to be aggrieved by them, and the court will strike them out upon his motion. Sommers v. Torrey, 5 Paige, 54; Carpenter v. West, 5 How. Prac. 53. The plaintiff was therefore entitled to have these allegations removed from the record, and his motion should have been granted.

The order denying the motion is reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur.