(120 App. Div. 315)

## BRADLEY et al. v. SWEENY.

(Supreme Court, Appellate Division, First Department. June 28, 1907.)

**1. PLEADING—IRRELEVANT MATTER—STRIKING OUT.**

In an equitable action for an accounting under a certain contract, allegations that plaintiffs were induced to enter into the contract by false and fraudulent representations made to them by the defendant, upon which they relied, are irrelevant, and should be stricken out on motion.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 1156.]

**2. SAME—AMENDMENT—GROUNDS.**

In an action for an accounting, where the striking out of certain allegations leaves the complaint sufficiently definite, but disconnected and not in good form, the plaintiff should have leave to serve an amended complaint so as to make the allegations not stricken out clear and connected.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 39, Pleading, § 644.]

Appeal from Special Term.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Geo. Welwood Murray, for appellant.

Robert Russell (James M. Gifford, on the brief), for respondents.

LAUGHLIN, J. This is a suit in equity to compel the defendant to account as manager of a "pool or partnership or combination" formed by plaintiffs and defendant for the purpose of buying and selling certain corporate stock. The plaintiffs alleged that the defendant caused the Federal Mining & Smelting Company to be incorporated under the laws of Delaware, to carry on the business of mining and smelting ores, and became a large stockholder of the corporation and controlled its management; that the plaintiffs became the owners of divers shares of the common and preferred stock of the company; that the defendant proposed to the plaintiffs that they become members of a pool to deal in the capital stock of the company, and that, if they would do so, he would manage the pool and obtain the best prices obtainable for the stock sold or purchased and sold by the pool, and that the profits would be divided between the members of the pool in proportion to their respective subscriptions to the capital of the pool; that he had obtained for the "pool or partnership or combination" an option on 8,300 shares of the common stock and 10,000 shares of the preferred stock of said company; that the plaintiffs accepted defendant's proposal, and plaintiffs and defendant formed a "pool or partnership or combination" upon the terms aforesaid; that a capital of $500,000 was subscribed and paid into the pool, in all the sum of $450,000 by the plaintiffs, the subscription of each, however, being an individual subscription and varying in amounts; that defendant managed the business and sold and bought and sold a large amount of the common and preferred stock of said company, and falsely and fraudulently represented to the plaintiffs that the stock had been sold at the then prevailing market prices of about $65 per share for the common stock and $79 per share for the preferred stock; that the "pool or partnership or combination" was dissolved and terminated on or about the 1st day of February, 1905, and the defendant thereupon falsely and fraudulently represented to the plaintiffs that the total profits of the business were approximately the sum of $18,000, which he divided in proportion to their respective interests; that the plaintiffs subsequently learned, and charge the fact to be, that the defendant received about $200 per share for the common stock and $95 per share for the preferred stock, and that, instead of exercising said option to purchase stock for the benefit of himself and the plaintiffs, as agreed, purchased and sold the same for his individual benefit. The prayer for relief is that the defendant be compelled to account for all of his acts as manager of the "pool or partnership or combination," and "for all the moneys received and disbursed by him as such manager," and for all moneys received by him on the sale of the stock over and above the amount for which he has accounted, and for the sale of the stock for which he held an option, which he agreed to exercise in behalf of the plaintiffs and himself.

It will thus be observed that the allegations of the complaint and the prayer for relief show that the plaintiffs are proceeding in affirmance of the pool contract and demand an accounting thereunder. There is no allegation that the contract has been rescinded; nor is there any allegation of or demand for damages other than for the accounting for the unaccounted profits due and owing to the plaintiffs by virtue of the

pool contract. In addition to the allegations to which attention has been drawn, the complaint contains allegations tending to show that the plaintiffs were induced to enter into the pool contract by false and fraudulent representations made to them by the defendant, upon which they relied. These are the allegations which the defendant desires stricken out as irrelevant. They are manifestly irrelevant to the cause of action for an accounting, which is the only relief demanded and plaintiffs would not be obliged to prove them. If they are permitted to remain, defendant will be obliged to admit or deny the same, and, if he denies them, he will be obliged to prepare to meet the evidence that may be offered by plaintiffs thereunder on the trial. In either event, he will be prejudiced. Although the suit is in equity, and therefore there is less likelihood that irrelevant allegations will prejudice a party, and consequently motions of this character are not regarded with the same degree of favor as if the action were at law, yet, where the allegations are something more than allegations of inducement or evidence and are not germane to the issue but present a new issue, or tend to confuse the real issue, they will be stricken out even in a suit in equity. Hilton v. Carr, 40 App. Div. 490, 493, 58 N. Y. Supp. 134; Uggla v. Brokaw, 77 App. Div. 310, 315, 79 N. Y. Supp. 244; Rockwell v. Day, 84 App. Div. 437, 82 N. Y. Supp. 993; Dinkelspiel v. Evening Journal Co., 91 App. Div. 96, 86 N. Y. Supp. 375; Kavanaugh v. Commonwealth Trust Co., 181 N. Y. 121, 73 N. E. 562. The striking out of these irrelevant allegations will, I think, leave the complaint sufficiently definite; but, inasmuch as some of the allegations will be disconnected and may not appear in good form, the plaintiff should have leave, if so advised, to serve an amended complaint, making the allegations not stricken out clear and connected. Park & Sons Co. v. Nat. Druggists' Ass'n, 30 App. Div. 508, 52 N. Y. Supp. 475; Waltham Mfg. Co. v. Brady, 67 App. Div. 102, 73 N. Y. Supp. 540.

It follows that the order should be reversed, with $10 costs and disbursements, and motion granted, with $10 costs, but with leave to plaintiff to serve an amended complaint, if so advised. All concur.

---

(120 App. Div. 318)

## BRADLEY v. SWEENY.

(Supreme Court, Appellate Division, First Department. June 28, 1907.)

Appeal from Special Term.

Action by Peter B. Bradley against Charles Sweeny. From an order of the Special Term denying a motion to strike out certain matter, defendant appeals. Motion granted, with leave to plaintiff to file amended complaint.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Geo. Welwood Murray, for appellant.
Robert Russell (James M. Gifford, on the brief), for respondent.