(120 App. Div. 318)

## BRADLEY v. SWEENY.

(Supreme Court, Appellate Division, First Department. June 28, 1907.)

Appeal from Special Term.

Action by Peter B. Bradley against Charles Sweeny. From an order of the Special Term denying a motion to strike out certain matter, defendant appeals. Motion granted, with leave to plaintiff to file amended complaint.

Argued before INGRAHAM, McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Geo. Welwood Murray, for appellant.
Robert Russell (James M. Gifford, on the brief), for respondent.

PER CURIAM. The question presented by this appeal is the same as that presented by the appeal in Bradley et al. v. Sweeny, 105 N. Y. Supp. 296, argued and decided herewith, and upon the authority of the opinion in that case the order is reversed, with $10 costs and disbursements, and motion granted, with $10 costs, but with leave to plaintiff to serve an amended complaint, if so advised.

(53 Misc. Rep. 528.)

## PEOPLE v. VERSAGE.

(Yates County Court. March, 1907.)

CRIMINAL LAW—APPEAL—PROCEDURE—DISMISSAL.

Where affidavit on appeal from a conviction of intoxication was not delivered to the magistrate, as required by Cr. Code, § 755, within five days, so that the return could be made by the magistrate, the appeal must be dismissed.

Appeal from Police Court of Penn Yan.

Dominic Versage was convicted of intoxication, and appeals. Dismissed.

Thomas Carmody, for appellant.

Spencer F. Lincoln, Dist. Atty., for the People.

KNOX, J. The defendant was convicted in police court of Penn Yan, July 22, 1905, for intoxication in a public place. The affidavit upon which the defendant sought to set out the ground of this appeal was verified July 25, 1905.

It appears to have been filed in the Yates county clerk's office September 22, 1905. No return is on file, and the affidavit has not been delivered to the magistrate, so that a return could be made. Clearly the defendant has lost all rights he may have had to have his case reviewed, and the court has no power to relieve him. Sections 752, 755, 759, and others following of the Code of Criminal Procedure.

Order for dismissal of the appeal and for carrying the judgment into effect may be presented.

Appeal dismissed.

(53 Misc. Rep. 520.)

## COLEMAN v. KEADY.

(Yates County Court. March, 1907.)

JUSTICES OF THE PEACE—DEFAULT JUDGMENT—VACATING.

On an appeal from a judgment of a justice under Code Civ. Proc. § 3064, affidavits of defendant and his attorney held not to show a satisfactory excuse for the default of defendant, nor that a manifest injustice has been done so as to authorize the setting aside of the default.

Appeal from Justice Court.

Action by John E. Coleman against Mitchell B. Keady. From a judgment for plaintiff before a justice, defendant appeals. Affirmed.

Lyman J. Baskin (Thomas Carmody, of counsel), for appellant.

Huson & Lincolin, for respondent.