JACOB BACHMANN, Appellant, *v.* MATHILDE SPINGHEL and AUGUST BERGEMANN, Defendants, Impleaded with SIMON FRITZ and "MARY" FRITZ, His Wife, the Said "MARY" Being Fictitious, the True First Name of Said Defendant Being Unknown to Plaintiff, Respondents.

Second Department November 6, 1914.

Mechanic's lien — complaint — failure to state whether any other action has been brought to recover part of the debt — notice of lien — statement as to amount of labor performed.

A complaint in an action to foreclose a mechanic's lien which fails to state whether any other action has been brought to recover any part of the debt for which the lien was filed is insufficient.

A notice of lien which fails to show the amount of labor performed at the time it was filed, is insufficient under subdivision 4 of section 9 of the Lien Law.

APPEAL by the plaintiff, Jacob Bachmann, from a judgment of the Supreme Court in favor of the respondents, entered in the office of the clerk of the county of Queens on the 24th day of July, 1914, upon an order granting respondents' motion for judgment on the pleadings.

The plaintiff also appeals from the postea judgment, entered in said clerk's office on the 24th day of July, 1914, and gives notice of an intention to bring up for review the order entered in said clerk's office on the same day which granted respondents' motion for judgment on the pleadings, made after the service of the answer.

The judgment dismissed the complaint and directed the cancellation of the *lis pendens* and notice of lien herein.

*Edward M. Bliven* [*Robert E. Moffett* with him on the brief], for the appellant.

*Jacob Kirschenbaum,* for the respondents.

Judgment and order affirmed, with costs, upon the opinion of Mr. Justice BLACKMAR at Special Term.

JENKS, P. J., THOMAS, CARR, STAPLETON and PUTNAM, JJ., concurred.

The following is the opinion of the court below:

BLACKMAR, J.:

This is a motion made upon the pleadings to dismiss the complaint for insufficiency. The action was brought to foreclose a mechanic's lien. The defendants claim that the complaint does not state a cause of action, for two reasons:

1. Because it fails to state whether any other action has been brought to recover any part of the debt for which the lien was filed, and

2. Because the notice of lien is fatally defective in that it does not state how much of the labor for which the lien was filed has been actually performed.

I think the complaint is defective in both particulars. Section 43 of the Lien Law* provides that the provisions of the Code of Civil Procedure relating to actions for the foreclosure of a mortgage upon real property apply to actions in a court of record to enforce a mechanic's lien. Section 1629 of the Code of Civil Procedure provides that the complaint in an action to foreclose a mortgage upon real property "must state, whether any other action has been brought to recover any part of the mortgage debt, and, if so, whether any part thereof has been collected." As the complaint does not contain the allegation so required it is insufficient to state a cause of action for the foreclosure of a lien; and as the complaint does not state a cause of action at law against the moving defendants it is insufficient as against them. I am also of the opinion that the notice of lien is insufficient. The statute requires that the notice of lien shall state "the labor performed or to be performed, or materials furnished or to be furnished, and the agreed price or value thereof." (Lien Law, § 9, subd. 4.) This section requires that the complaint shall state the amount of labor or materials actually performed and furnished as distinguished from that to be performed or furnished. As is stated in *Finn* v. *Smith* (186 N. Y. 465), any notice of lien "must state either explicitly or by plain inference the value or the agreed price of the labor performed or materials furnished at the time of filing thereof." There is no question in this case as to materials furnished, and,

---

* Consol. Laws, chap. 33; Laws of 1909, chap. 38.— [REP.

therefore, the inquiry is whether the notice of lien states the value or agreed price of the labor performed at the time of the filing thereof. The notice states that "the labor performed was carpenter work, * * *" and that "the labor to be performed is carpenter work." There was, therefore, both labor performed and labor to be performed. The notice then states: "The agreed price and value of said labor is eight hundred and fifty ($850) Dollars." That means that the agreed price and value of the labor performed and to be performed was $850; and, although the validity of the lien must be tested by the face thereof, yet, in this case, if we refer to the contract annexed to the complaint, we find that the inference drawn from a reading of the face of the lien is correct, and that the total contract price is $850. The notice continues: "The amount unpaid to the lienor for such labor and material is five hundred and fifty ($550) Dollars." The only interpretation of this notice is that the sum of $550 is unpaid upon the total amount of $850, which is the agreed value of the labor, both performed and to be performed. It is entirely consistent with the wording of this notice that $300 worth of labor has been performed and is paid for, and also that $550 in value of labor is still unperformed and unpaid for. It is true that the notice of lien must be liberally construed, but no possible construction of this notice will inform the reader of the amount of labor performed at the time it was filed. We can guess that the plaintiff has done $850 worth of work, and that none of it has been paid for; but it is purely a guess, and not a fact, either explicitly stated in the notice or plainly inferable therefrom. It follows that the motion for judgment dismissing the complaint as to the moving defendants must be granted, with $10 costs. As I have held that the lien is fatally defective, it would be idle to grant leave to amend.