Emma J. Delamater, Respondent, v. Saks & Company, Appellant (Appeal No. 2.) — Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Thomas, Mills and Rich, JJ., concurred; Carr, J., not voting.

Frank Donato, Appellant, v. John D. Hallock and Others, Respondents, Impleaded with Annie Metzler and Others, Defendants. (Appeal No. 1.) — Interlocutory judgment affirmed, with costs, on authority of *Bachmann* v. *Spinghel* (164 App. Div. 725). Jenks, P. J., Thomas, Stapleton and Mills, JJ., concurred; Carr, J., not voting.

Frank Donato, Appellant, v. John D. Hallock and Others, Respondents, Impleaded with Robert Pickens and Another, Defendants. (Appeal No. 2.) — Interlocutory judgment affirmed, with costs, on authority of *Bachmann* v. *Spinghel* (164 App. Div. 725). Jenks, P. J., Thomas, Stapleton and Mills, JJ., concurred; Carr, J., not voting.

Henry Doscher and Others, as Executors, etc., Respondents, v. Theodore Obermeyer and Others, Appellants, and Another, Defendant.— Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, upon the ground that the allegations sought to be stricken out are irrelevant to plaintiffs' cause of action, which is that of a creditor against officers and directors of a corporation for misappropriation of assets, and it is immaterial by what means the said officers and directors induced the stockholders to consent to the transfer of such assets. The practice is in accord with *Hilton* v. *Carr* (40 App. Div. 490, 493) and *Bradley* v. *Sweeny, No. 1* (120 id. 315). Jenks, P. J., Thomas, Mills and Rich, JJ., concurred; Carr, J., not voting.

· Chester D. Griesemer, Appellant, v. The Knox Hat Manufacturing Company, Respondent.— Judgment and order reversed and new trial granted, costs to abide the event, upon the grounds that there was no substantial evidence to establish conspiracy as a defense, and that the trial court erred to the prejudice of the plaintiff in excluding the original answer and in refusing to permit the plaintiff to testify that in entering into the contract in suit he relied upon the apparent authority of the general manager, Mac-Farland, to make such contracts, as shown by his action in making previous like contracts. Jenks, P. J., Thomas, Mills and Rich, JJ., concurred; Carr, J., not voting.

Morgan L. Martin, Appellant, v. John T. Palmer and Another, Respondents, Impleaded with Others. (Appeal No. 1.) — Order affirmed, with ten dollars costs and disbursements. No opinion. Jenks, P. J., Thomas, Mills and Rich, JJ., concurred; Carr, J., not voting.

Morgan L. Martin, Appellant, Respondent, v. John T. Palmer and Another, Respondents, Appellants, Impleaded with Others. (Appeal No. 2.) — Order affirmed, without costs to either party in this court. · No opinion. Jenks, P. J., Thomas, Mills and Rich, JJ., concurred; Carr, J.; not voting.

Mary Miller, Respondent, v. The Brooklyn Heights Railroad Company, Appellant.— Although the defendant has appealed merely from the judgment, without any motion for a new trial, this court since the 1914 amend-