CHARLES W. COPP, Respondent, v. SALVATORE· FIREMI, Appellant, Impleaded with AUGUST KNEHER, Respondent.

Second Department, February 21, 1918.

Liens — mechanic's lien — agreement between owner and contractor for raising money to be paid the latter — effect upon subcontractor's lien — failure of subcontractor's lien to state amount of labor actually performed.

Although a contract between a contractor and owner provided that the sum to be paid to the contractor on account of the cost of the owner's house was to be raised by a building loan, the fact that for some unexplained reason the money was not raised does not affect the subcontractor's lien.

The lien of a subcontractor which fails to state the amount of labor actually performed, as distinguished from that to be performed, is fatally defective.

APPEAL by the defendant, Salvatore Firemi, from a judgment of the County Court of Queens county, entered in the office of the clerk of said county on the 16th day of November, 1916, upon the decision of the court after a trial before the court without a jury.

*Abraham M. Davis,* for the appellant.

*F. M. Van Nostrand* [*Joseph F. Poey* with him on the brief], for the plaintiff, respondent.

JENKS, P. J.:

Conceding but not now passing upon every deduction that could be made, there was an ample balance of the $1,290

payment due from the owner to the contractor, subject to Copp's (the subcontractor's) lien of $379. The fact that the $1,290 was to be raised by a building loan procured by the contractor and that for some unexplained reason the money was not thus forthcoming, did not affect the subcontractor. Although his lien was subordinate to the terms of the contract between contractor and owner (Phillips Mechanics' Liens [3d ed.], § 62; 27 Cyc. 93), he had no reason to believe from the contract that if the $1,290 was not raised upon the said mortgage the owner was to be absolved absolutely from a payment of that amount to the contractor. The subcontractor, reading the contract, would have been justified in the belief that the provisions relative to the $1,290 contemplated a means of raising money, and did not import a payment contingent upon a successful end of the means.

The fact that the contract provided that the $1,290 should be paid to the contractor, was not contrary to the idea that the money was due to the contractor from the owner. The contract showed that the money was to be paid on account of the cost of the owner's house, and that it was to be raised upon the owner's mortgage upon the premises.

The lien of the defendant subcontractor, Kneher, is fatally defective in that it fails to state the amount of labor actually performed, as distinguished from that to be performed. (*Bachmann* v. *Spinghel,* 164 App. Div. 725; *Finn* v. *Smith,* 186 N. Y. 465.) The judgment must be modified accordingly.

This court will make a finding that at the time of the filing of plaintiff's lien there was a balance due and unpaid to the contractor of more than $1,000, subject to the plaintiff's lien. The judgment of the County Court of Queens county as thus modified is affirmed, but without costs to any party. Let the findings be submitted within 10 days.

RICH, PUTNAM, BLACKMAR and KELLY, JJ., concurred.

Judgment of the County Court of Queens county modified in accordance with opinion, and as modified affirmed, without costs to any party. Findings to be submitted within ten days.