BANCA COMMERCIALE ITALIANA TRUST COMPANY, Appellant, *v.* FREDERICK H. CLARKSON et al., Individually and as Copartners Doing Business as CLARK WILLIAMS & Co., Respondents.

Argued March 16, 1937; decided April 27, 1937.

*David S. Konheim* and *William Lurie* for appellant. The trial court did not properly charge the jury on the question of constructive notice. (*Wen Kroy Realty Co. v. Public Nat. Bank*, 260 N. Y. 84; *Fidelity & Deposit Co. v. Queens County Trust Co.*, 226 N. Y. 225; *C. N. Bank v. Diefendorf*, 123 N. Y. 191; *Rochester v. Paviour*, 164 N. Y. 281; *Heig v. Caspary*, 191 App. Div. 560; 232 N. Y. 574; *U. S. Fidelity & Guaranty Co. v. Barry*, 236 App. Div. 464; 262 N. Y. 471; *Harter v. Peoples Bank*, 221 App. Div. 122; *Gerard v. McCormick*, 130 N. Y. 261; *Huie v. Allen*, 87 Hun, 516; 156 N. Y. 658.) If a drawee bank, on checks bearing the forged signature of the drawer and the forged indorsement of the name of the payee thereon, pays the amount thereof to one who is not a *bona fide* holder, the drawee bank, on discovering the existence of these forgeries, can recover its funds from the party who received the same. (*Price v. Neal*, 3 Burr. 1354; *Title Guarantee & Trust Co. v. Haven*, 196 N. Y. 487; *Bergstrom v. Ritz Carlton Restaurant & Hotel*, 171 App. Div. 776.) The certification of the three checks did not excuse the defendants from investigating their right to those checks where they were received under circumstances of a suspicious character which called for an inquiry on the part of the defendants. (*Greenberg v. World Exchange Bank*, 227 App. Div. 413; *National City Bank v. Waggoner*, 230 App. Div. 88; 255 N. Y. 527; *Goshen Nat. Bank v. Bingham*, 118 N. Y. 349; *Claflin v. Farmers & Citizens Bank*, 25 N. Y. 293.) Plaintiff was

the real party in interest. (*Gillan* v. *O'Larry*, 124 App. Div. 498; *Schweinburg* v. *Altman*, 145 App. Div. 377; 207 N. Y. 681; *Matter of Carpenter*, 131 N. Y. 86; *Hoffman House* v. *Foote*, 172 N. Y. 348.)

*Stewart Maurice* for respondents. The defendants acted in good faith, and the trial court did not err in charging the jury as to alleged constructive notice of the wrongdoing. (*Deyo* v. *Hudson*, 225 N. Y. 602; *Bosak* v. *Parrish*, 252 N. Y. 212; *Hirsch* v. *Deschler*, 231 App. Div. 237; 257 N. Y. 570; *Rosen* v. *Harde*, 238 App. Div. 622; *New England Trust Co.* v. *Farr*, 57 Fed. Rep. [2d] 103; 287 U. S. 612; *Gordon* v. *Diffenderffer*, 177 Atl. Rep. 21; *Cheever* v. *Pittsburg R. R. Co.*, 150 N. Y. 59; *Gruntal* v. *United States Fidelity & Guaranty Co.*, 254 N. Y. 468; *Oliner* v. *Goldenberg*, 168 App. Div. 874; *Dutch* v. *McMahon*, 219 App. Div. 203; *Gerseta Corp.* v. *Wessex-Campbell Silk Co.*, 3 Fed. Rep. [2d] 236; *Price* v. *Neal*, 3 Burr. 1354; *United States* v. *Chase Nat. Bank*, 252 U. S. 485; *Critten* v. *Chemical Nat. Bank*, 171 N. Y. 219; *Morgan* v. *United States Mortgage & Trust Co.*, 208 N. Y. 218; *Potts & Co.* v. *Lafayette Nat. Bank*, 269 N. Y. 181.) It is clear that the surety company and not the plaintiff is the real party in interest in the action. (*Whiting* v. *Glass*, 217 N. Y. 333; *Spencer* v. *Standard C. & M. Corp.*, 237 N. Y. 479; *Ocean Accident & Guarantee Corp.* v. *Hooker Electrochemical Co.*, 240 N. Y. 37; *National Surety Co.* v. *National City Bank*, 184 App. Div. 771; *Henderson* v. *Park Central Motors Service, Inc.*, 225 App. Div. 788; *Reddington* v. *Elco Merchandising Corp.*, 236 App. Div. 64; *Britton* v. *Scognamillo*, 238 N. Y. 375.)

LOUGHRAN, J. The action is in form one to recover for the conversion of six checks.

Plaintiff is a domestic banking corporation. One Priola was the assistant manager of a branch office of its bank. The defendants are a firm of stockbrokers. One McCann was a " customers' man " in their employ. In July, 1929, Priola, through McCann, opened a speculative

trading account with the defendants in the maiden name of his wife (Irma Schafflin). The proceeds of the checks in suit were credited on that account which was handled by McCann who received the checks from Priola.

Three of the instruments were genuine in inception. These had been validly indorsed in blank by the respective payees for deposit in the plaintiff's bank. Priola stole them from the plaintiff. The name of Irma Schafflin was indorsed by him thereon.

The other three checks were forgeries of Priola. These purported to have been drawn on the plaintiff bank by Nicosia Brothers Company (a corporate depositor) to the order of Irma Schafflin, were indorsed in that name by Priola, and at the behest of McCann were certified by the plaintiff before payment thereof to the defendants.

The fact of its ownership of the genuine checks was not stressed by the plaintiff in its conduct of the trial. Nor was any point made by the defendants respecting the inappropriateness of a recovery for the conversion of the forged paper as to which title was non-existent. The parties took for granted that there was liability on all the causes of action or liability on none. No claim was made of personal knowledge by any of the defendants of the wrongdoing of Priola. In substance, the jury were charged that what McCann did was in law done by the defendants, and that the plaintiff was to recover the aggregate of the amounts of all six checks unless its fault was greater than the fault of the defendants. The verdict was against the plaintiff and judgment thereon for the defendants has been affirmed.

Some of the rulings assigned as error by the plaintiff appear to us to be so substantial that they must be deemed to have affected the result.

1. That McCann in his dealings with Priola acted in bad faith was on the evidence a fact that could fairly have been found by reasonable minds. There was evidence from which the jury might have inferred that McCann suspected forgery, or should have suspected it,

at the time he received the forged checks from Priola and had them certified. The trial judge refused the request of the plaintiff for an instruction " that certification by the bank of the three checks does not excuse the party receiving those checks from investigating the right to those checks, where there are circumstances of a suspicious character which call for an inquiry on its part." At the request of the defendants, he charged " that the plaintiff bank by certifying the three checks * * * represented and warranted that the signatures of Nicosia Brothers Company were genuine signatures." We think this was error which, in the light of the whole record, is not to be dismissed as immaterial.

In the letter of the Negotiable Instruments Law (Cons. Laws, ch. 38), plaintiff's certification of the three forged checks was an admission of the genuineness of the signatures of the drawer (§§ 112, 323). But what is there declared is a common law exception to the principle that money paid under a mistake of fact may ordinarily be recovered back. As originally laid down the exception sanctions retention of the payment by a party only " when he has once received it upon a bill of exchange indorsed to him for a fair and valuable consideration, which he had *bona fide* paid, without the least privity or suspicion of any forgery." (Lord MANSFIELD in *Price v. Neal*, 3 Burr. 1354, 1357.) Whatever differences of opinion there may be in respect of the true basis or scope of that celebrated decision, it is reasonably clear that the protection of the doctrine should not be extended to a holder whose competent agent dishonestly procures an acceptance while suspecting the forgery. (See *National Bank of Commerce* v. *National Mechanics' Banking Assn.*, 55 N. Y. 211; *Title Guarantee & Trust Co.* v. *Haven*, 196 N. Y. 487; *First Nat. Bank* v. *Ricker*, 71 Ill. 439; *Germania Bank* v. *Boutell*, 60 Minn. 189, 193, 194; *National Bank of North America* v. *Bangs*, 106 Mass. 441, 444, 445; *Dedham Nat. Bank* v. *Everett Nat. Bank*, 177 Mass. 392, 395. Cf. Negotiable Instruments Law,

§§ 91, 95; *Williamsburgh Trust Co.* v. *Tum Suden*, 120 App. Div. 318; Woodward on The Law of Quasi Contracts, pp. 142, 143.)

2. Plaintiff's loss was made good by a surety company. This action was brought pursuant to an agreement between them that any recovery would be paid to the surety company. The question whether the plaintiff was the real party in interest was left to the jury. This was error, as was the refusal to strike out the defense which tendered that issue. As the trustee of an express trust, plaintiff was entitled to sue in its own name. (Civ. Prac. Act, § 210.)

The judgment of the Appellate Division and that of the Trial Term should be reversed and a new trial granted, with costs to abide the event.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.