■ STANLEY G. WHITE, Respondent, v. FIRST NATIONAL BANK OF SCOTIA, Defendant and Third-Party Plaintiff-Appellant. STATE BANK OF ALBANY, Third-Party Defendant-Respondent.— REYNOLDS, J. Appeal from orders and judgments of the County Court, Schenectady County, granting summary judgment in favor of respondent Stanley White against appellant and dismissing appellant's third-party complaint against respondent State Bank of Albany on the merits. Stanley G. White, who had a joint checking account with his wife, Emma C. White, in appellant bank purportedly wrote his name as " S. G. White " and included his address on the back of one of his blank checks and gave it to a stranger. Thereafter someone allegedly filled out the face of the check in the amount of $300 naming Emma J. White as payee and S. G. White as drawer. On the reverse side of the instrument appears the name of the payee, Emma J. White, above that of S. G. White. The instrument in this form was cashed at the Ticonderoga branch of the State Bank of Albany and forwarded to the appellant which paid the State Bank and charged White's account. When the cancelled check was received by White he immediately notified appellant and demanded reimbursement to his account. The appellant refused and White brought an action to recover the balance in his account including the disputed $300 debited therefrom by appellant. The court below granted summary judgment for White and this determination is brought here on appeal. Appellant in turn commenced a third-party action against the State Bank of Albany. The State Bank without answering appellant's complaint moved to dismiss it on the grounds it did not state facts sufficient to constitute a cause of action. The instant appeal is also brought from an order granting this motion and the subsequent judgment dismissing appellant's complaint. We do not think respondent White was entitled to summary judgment. While it is true that as a general rule a bank which makes payment on forged paper cannot debit its depositor's account for the amount improperly paid out (*Stella Flour & Feed Corp.* v. *National City Bank,* 285 App. Div. 182, affd.

308 N. Y. 1023), it is also true that conduct of the depositor may preclude his recovery (see *Fitzgibbons Boiler Co.* v. *National City Bank*, 287 N. Y. 326). Here White alleges that his signature as drawee is a forgery, that that of his wife as payee is also forged and that his "endorsement" was not intended as such. At least the last and perhaps, most crucial of these assertions, however, is exclusively within his knowledge and clearly not within the knowledge of appellant. Under these circumstances summary judgment should not have been granted (*Morabito* v. *Champion Swimming Pool Corp.*, 18 A. D. 2d 706). If the record as finally developed supports White's assertions he may well be entitled to recovery. However, appellant is entitled to subject him to cross-examination in the hope of eliciting a variance in his account of what transpired which might preclude his recovery. With respect to the third-party action, it is clear that appellant would be entitled to a recovery from the State Bank of Albany except for the long-established rule of *Price* v. *Neal* (3 Burrows 1354) that the drawee cannot recover payment when it has paid on the forged signature of its depositor (e.g., *National Park Bank* v. *Ninth Nat. Bank*, 46 N. Y. 77; *Bergstrom* v. *Ritz-Carlton Rest. & Hotel Co.*, 171 App. Div. 776, app. dsmd. 220 N. Y. 569). This doctrine, however, is subject to the exception that the drawee may recover from a presenter or cashing bank which itself acts in bad faith or negligently (*Banca C. I. Trust Co.* v. *Clarkson*, 274 N. Y. 69; *Bergstrom* v. *Ritz-Carlton Rest. & Hotel Co.*, supra, p. 780; *Williamsburgh Trust Co.* v. *Tum Suden*, 120 App. Div. 518; see, also, Britton, Bills and Notes [2d ed. 1961], p. 382; Comment, 13 Syracuse L. Rev. 426, 428.) It should be noted that the Uniform Commercial Code while retaining the bad faith exception abandons the negligence exception (Uniform Commercial Code, § 3–418, comment 4; Penney, Summary of Articles 3 and 4 and Their Impact in New York, 48 Cornell L. Q. 47, 68–69). Under the limited pleadings before us we find raised unanswered questions of fact as to respondent's conduct in receiving the check which requires a plenary trial. Appellant may well be able to establish that respondent contributed to the fraud by its negligence in purchasing the check from a stranger or other third person without adequate inquiry, although in good faith and for value (see *National Bank of North America* v. *Bangs*, 106 Mass. 441; see, also, *American Sur. Co.* v. *Manufacturers Trust Co.*, 3 Misc 2d 363, affd. 3 A D 2d 831, mot. for lv. to app. den. 3 A D 2d 990). While we might feel that it would have been better practice if appellant's pleadings had alleged negligence on the part of respondent State Bank of Albany more specifically (see *Citizen's Nat. Bank* v. *San Angelo Nat. Bank*, 19 S. W. 2d 388 [Tex., Ct. Civ. App. 1929]), we do not find them so defective as to require a repleading (CPLR 3026; *Clevenger* v. *Baker Voorhis & Co.*, 8 N Y 2d 187; 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3026.01–3026.03). Judgments and orders reversed, on the law and the facts, and motions denied, without costs. Gibson, P. J., Taylor and Hamm, JJ., concur.